UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ERIKA BRITO,                                                                   Case No.:_____

                           Plaintiff,

                vs.                                                                **COMPLAINT**


JLM DECORATING, INC., JLM DECORATING
NYC INC., COSMOPOLITAN INTERIOR NY
CORPORATION, MOSHE GOLD, and SAM GOLD

                          Defendants.
-----------------------------------------------------------------X

Plaintiff, ERIKA BRITO ("Plaintiff") by and through her attorneys, THE LAW OFFICES OF WILLIAM CAFARO, complaining of Defendant JLM DECORATING, INC. ("JLM Decorating"), JLM DECORATING NYC INC. ("JLM NYC"), and COSMOPOLITAN INTERIOR NYC CORPORATION ("Cosmopolitan"), MOSHE GOLD and SAM GOLD hereby alleges as follows upon information and belief:

### NATURE OF THE CASE

1. This is a civil action for damages and equitable relief based on Defendants' violations of Plaintiff's rights guaranteed to her by: (i) the overtime wage provisions under NYLL §160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (ii) the requirement that employers furnish employees with wage statements on each payday containing specific categories of information under the NYLL § 195(3); (iii) the requirement that employers furnish employees with a wage notice at the time of hiring containing specific categories of accurate information, NYLL § 195(1); (iv) New York State Human Rights Law, New York Exec. Law § 290 et seq. ("NYSHRL"), and other germane rules, regulations, statutes and ordinances; and (v) any other claim(s) that can be inferred from the facts set forth herein

2. Plaintiff claims that Defendants (her former employers) failed to pay her overtime rate of pay of one and one-half times her regular rate of pay for each hour that she worked per week in excess of forty, as the NYLL requires.  Furthermore, Plaintiff claims Defendants failed to furnish her with wage statements on each payday or provide her with wage notices containing the criteria enumerated as is required under NYLL.

3. Finally, Plaintiff claims Defendants discriminated against her due to her pregnancy (sex/gender discrimination and familial status) and terminated her employment because of it, all in violation of NYCHRL.

## JURISDICTION AND VENUE

4. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## *THE PARTIES*

6. The Plaintiff is an individual residing in Queens, New York.

7. At all times herein pertinent, Plaintiff was an "employee" of the Defendants within the meaning of the NYSHRL

8. At all times herein pertinent, Plaintiff was a "person" within the meaning of the NYSHRL.

9. At all relevant times herein, JLM Decorating was and is a domestic corporation with its principal place of business located at 111 John Street, Suite 1510, New York, New York 10038.

10. At all relevant times herein, JLM NYC was and is a New York corporation with its principal place of business located at 111 John Street, Suite 1510, New York, New York 10038.

11. At all relevant times herein, Cosmopolitan was and is a New York corporation with its principal place of business located at 111 John Street, Suite 1510, New York, New York 10038.

12. At all relevant times, JLM Decorating, JLM NYC, Cosmopolitan and the Individual Defendants functioned as a unified construction enterprise providing commercial painting, drywall, and other construction services in New York State.

13. At all relevant times, the Corporate Defendants had common owners, officers, directors, and managers; they functioned interchangeably; and they were controlled by Moshe Gold and Sam Gold.

14. At all relevant times, all of the Defendants jointly operated as one business utilizing the same employees, offices, management, and equipment, all toward a common business purpose.

15. At all relevant times, Defendants jointly employed Plaintiffs or, in the alternative, constituted a single employer of Plaintiffs within the meaning of the FLSA and NYLL.

16. Moshe Gold is an adult natural person residing in the State of New York.

17. Upon information and belief, Moshe Gold resides at 26 Heyward Street, Apartment 5L, Brooklyn, New York 11249.

18. At all relevant times, Moshe Gold was, and still is, the chief executive officer, director, owner, shareholder and/or person in control of the Corporate Defendants who exercises significant control over the JLM Enterprise's operations.

19. At all relevant times, Moshe Gold had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine rates and methods of pay; and maintain employment records for the Corporate Defendants.

20. Sam Gold is an adult natural person residing in the State of New York.

21. Upon information and belief, Sam Gold was, and still is, an officer, director, owner, shareholder and/or person in control of the Corporate Defendants who exercises significant control over the JLM Enterprise's operations.

22. At all relevant times, Sam Gold had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rates and methods of pay for employees, and maintain employment records for the Corporate Defendants.

23. Upon information and belief, Sam Gold was, and is, responsible for maintaining the Corporate Defendants' financial records, including payroll records.

24. Upon information and belief, Sam Gold's role within the JLM Enterprise was, *inter alia*, to "oversee operations."

25. Throughout their employment, Plaintiffs' terms of employment were jointly determined by the Individual Defendants. Decisions regarding personnel, including decisions relating to hiring, disciplining, firing, scheduling, and rates of pay for employees of the JLM Enterprise, including Plaintiffs, were made by the Individual Defendants.

26. At all relevant times herein, Defendants operated as a single enterprise, in that: (i) the Individual Defendants, Moshe Gold and Sam Gold, jointly ran and oversaw the enterprise; (ii) the Corporate Defendants, at the Individual Defendants' express direction, interchangeably shared offices, employees, equipment, and clients; (iii) the Corporate Defendants are inextricably intertwined financially; and (iv) Defendants paid their employees by the same method, shared control over the employees, and are themselves under common management, ownership, and control.

27. Upon information and belief, Defendants operate the JLM Enterprise through

interchangeable corporate entities and trade names, including JLM Decorating, JLM NYC, and, previously, Cosmopolitan.

28.     Upon information and belief, Defendants interchangeably use the foregoing trade names and entities, which exist as mere alter egos of the Individual Defendants, who operate the JLM Enterprise without regard for corporate formalities.

29.     At all relevant times herein, all Defendants were "employers" within the meaning of the FLSA and the NYLL. During those times, Defendants had annual gross revenues in excess of $500,000.00.  Defendants were and are engaged in interstate commerce within the meaning of the FLSA as they employed, and continue to employee, dozens of employees to perform work, bought supplies, materials and equipment, such as paint, paintbrushes, scaffolds and ladders from vendors located in states other than New York,

30.     At all relevant times, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

31.     At all times herein pertinent, Defendants were employers as defined under NYSHRL.

## MATERIAL FACTS

**Defendant Violates Wage and Hour Laws**

32.     Plaintiff, a non-exempt employee, worked for Defendant (a painting company) from on or about January 1, 2022 through on or about February 6, 2023.

33.     Throughout her employment, Plaintiff regularly worked approximately 60 to 91 hours per week, and depending on Defendant's needs worked more than that.

34.     In exchange for her work, Defendants paid Plaintiff $25.00 per hour for her first forty hours of work.

35. Despite regularly working overtime during the work, Defendants paid her for those hours (to the extent they actually did) at her straight time rate, i.e., $25.00 per hour.

36. Throughout her entire employment, Defendants paid Plaintiff on a weekly basis, without providing her with any wage statements that accurately reflected the amount of hours that she worked, her regular rate of pay, or her overtime rate of pay for each hour she worked in excess of forty hours in a given workweek.

37. Defendants intentionally did not provide Plaintiff with a wage notice at the time of her hire, or at any time thereafter, containing all of the following information: her rates of pay and basis thereof; whether Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendants; the name and physical addresses of Defendants; any "doing business as" names used by Defendants; and Defendants' mailing addresses and telephone numbers.

**Defendants Terminates Plaintiff Due To Her Pregnancy**

38. Plaintiff worked for the Defendant as a painter.

39. On or about February 3, 2023, Plaintiff informed Defendants that she was pregnant and requested an accommodation to continue performing the essential functions of her role.

40. On or about February 6, 2023 – approximately three days after advising Defendant she was pregnant – Defendants terminated her employment, emphasizing that she was being terminated because of her pregnancy.

41. At all times relevant, Plaintiff was qualified to perform her essential job duties with reasonable accommodations.

42. The Defendant treated Plaintiff unequally and "less well" than other employees because of her pregnancy (including sex/gender), in violation of NYSHRL.

43. Plaintiff was unlawfully discharged on the basis of her pregnancy (including sex/gender), in violation of the NYSHRL.

44. Employees outside Plaintiff's protected classes were treated more favorably than Plaintiff.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

45. Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

46. Defendants were required to directly pay the Plaintiff an overtime premium of one and one-half times her regular rate of pay for all hours worked over forty (40) in a given workweek.

47. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

48. As also described above, Plaintiff worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

49. The Defendants willfully violated the FLSA.

50. As such, Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times her respective standard rate of pay.

51. Plaintiff is also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

52. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL*

53. Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

54. Defendants were required to directly pay the Plaintiff an overtime premium of one and one-half times her regular rate of pay for all hours worked over forty (40) in a given workweek.

55. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

56. As also described above, Plaintiff worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the NYLL's overtime provisions.

57. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants her unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

58. Plaintiff repeats, reiterates and reasserts all allegations contained in the preceding paragraphs of this complaint as if fully set forth herein at length.

59. The NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

60. Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCCRR.

61. Defendants willfully failed to provide Plaintiff with a wage notice containing the criteria enumerated under the NYLL.

62. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

63. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendants the aforementioned statutory damages plus reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Discrimination in Violation of the New York State Human Rights Law*

64. Plaintiff repeats, reiterates and reasserts all allegations contained in the preceding paragraphs of this complaint as if fully set forth herein at length.

65. Defendants engaged in unlawful discriminatory practices in violation of NYSHRL by discriminating against Plaintiff and discharging her based upon her pregnancy and/or sex/gender.

66. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

67. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

### FIFTH CLAIM FOR RELIEF AGAINST MOSHE GOLD AND SAM GOLD
*Aiding And Abetting Under New York State Human Rights Law*

68. Plaintiff repeats, reiterates and reasserts all allegations contained in the preceding paragraphs of this complaint as if fully set forth herein at length.

69. The NYSHRL § 296(6) provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

70. The individual Defendants violated the section cited herein by aiding, abetting, inciting, compelling, and/or coercing the above discriminatory and unlawful conduct.

71. Therefore, Plaintiff is entitled to all remedies and relief afforded by NYSHRL, including but not limited to, back pay, front pay, emotional distress, punitive damages, attorney's fees and costs, injunctive relief, and any other remedy or relief available under the law.

## ***PRAYER FOR RELIEF***

**WHEREFORE**, Plaintiff prays judgment against the Defendant:

a. Awarding future income to Plaintiff in an amount to be proven at trial, representing all loss of future earnings, including reasonable and expected increases, loss of retirement income, and all other benefits She would have expected to earn during her entire lifetime had it not been for Defendant's unlawful discrimination;

b. Awarding general damages (including backpay) to the Plaintiff to make her whole for any losses suffered as a result of such unlawful employment practices;

c. Awarding Plaintiff compensatory damages for mental and emotional distress, pain and suffering as well as injury to her reputation in an amount to be proven at trial;

d. Awarding Plaintiff punitive damages;

e. All damages that Plaintiff has sustained as a result of Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff would have received but for Defendants' unlawful payment practices;

f. Any statutory remedy and penalties recoverable under NYSHRL.

g. Liquidated damages and any other statutory penalties recoverable under the FLSA and NYLL;

h. Awarding Plaintiff attorneys' fees, disbursements and costs and expenses incurred in the prosecution of the action, under NYSHRL, FLSA,3 and NYLL;

    i.   Awarding all relief, remedies, and damages available to Plaintiff under the law; and

    j.   Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated:  New York, New York
         March 21, 2025

**LAW OFFICES OF WILLIAM CAFARO**

_____
Louis M. Leon, Esq.
*Attorneys for Plaintiff*
108 West 39th Street, Ste. 602
New York, New York 10018
Tel: (212) 583-7400
Email: lleon@cafaroesq.com