UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIKA BRITO,

           Plaintiff,

      -against-

JLM DECORATING, INC., JLM
DECORATING NYC INC., COSMOPOLITAN
INTERIOR NY CORPORATION, MOSHE
GOLD, and SAM GOLD,

           Defendants.

Case No. 1:25-cv-02350

**ANSWER TO THE COMPLAINT**

Defendants, JLM Decorating, Inc., JLM Decorating NYC Inc., Cosmopolitan Interior NY Corporation, Moshe Gold, and Sam Gold ("Defendants") by and through their attorneys, Goldberg Segalla LLP, as and for their Answer to the Complaint filed by plaintiff, Erika Brito ("Plaintiff"), respond as follows:

### **NATURE OF THE CASE**

1.      Deny the allegations set forth in paragraph "1" of the Complaint.

2.      Deny the allegations set forth in paragraph "2" of the Complaint.

3.      Deny the allegations set forth in paragraph "3" of the Complaint.

### **JURISDICTION AND VENUE**

4.      Neither admit nor deny the allegations of paragraph "4" of the Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "4" of the Complaint.

5.      Neither admit nor deny the allegations of paragraph "5" of the Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to

the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "5" of the Complaint.

## THE PARTIES

6.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7.  Neither admit nor deny the allegations of paragraph "7" of the Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "7" of the Complaint.

8.  Neither admit nor deny the allegations of paragraph "8" of the Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "8" of the Complaint.

9.  Deny the allegations set forth in paragraph "9" of the Complaint.

10.  Admit the allegations set forth in paragraph "10" of the Complaint.

11.  Admit the allegations set forth in paragraph "11" of the Complaint.

12.  Deny the allegations set forth in paragraph "12" of the Complaint.

13.  Deny the allegations set forth in paragraph "13" of the Complaint.

14.  Deny the allegations set forth in paragraph "14" of the Complaint.

15.  Deny the allegations set forth in paragraph "15" of the Complaint.

16.  Admit the allegations set forth in paragraph "16" of the Complaint.

17.  Admit the allegations set forth in paragraph "17" of the Complaint.

18.  Deny the allegations set forth in paragraph "18" of the Complaint.

18000\3552\52189261

19.     Deny the allegations set forth in paragraph "19" of the Complaint.

20.     Admit the allegations set forth in paragraph "20" of the Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Complaint.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Complaint.

## MATERIAL FACTS

32.     Deny the allegations set forth in paragraph "32" of the Complaint.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

18000\3552\52189261

41.    Deny the allegations set forth in paragraph "41" of the Complaint.

42.    Deny the allegations set forth in paragraph "42" of the Complaint.

43.    Deny the allegations set forth in paragraph "43" of the Complaint.

44.    Deny the allegations set forth in paragraph "44" of the Complaint.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS

*Unpaid Overtime under the FLSA*

45.    Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "44," as if said statements were repeated herein at length in response to paragraph "45" of the Complaint.

46.    Deny the allegations set forth in paragraph "46" of the Complaint.

47.    Deny the allegations set forth in paragraph "47" of the Complaint.

48.    Deny the allegations set forth in paragraph "48" of the Complaint.

49.    Deny the allegations set forth in paragraph "49" of the Complaint.

50.    Deny the allegations set forth in paragraph "50" of the Complaint.

51.    Deny the allegations set forth in paragraph "51" of the Complaint.

52.    Deny the allegations set forth in paragraph "52" of the Complaint.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS

Unpaid Overtime under the NYLL

53.    Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "52," as if said statements were repeated herein at length in response to paragraph "53" of the Complaint.

54.    Deny the allegations set forth in paragraph "53" of the Complaint.

55.    Deny the allegations set forth in paragraph "55" of the Complaint.

4

18000\3552\52189261

56.    Deny the allegations set forth in paragraph "56" of the Complaint.

57.    Deny the allegations set forth in paragraph "57" of the Complaint.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS

### Failure to Furnish Proper Wage Notices in Violation of the NYLL

58.    Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "57," as if said statements were repeated herein at length in response to paragraph "58" of the Complaint.

59.    Neither admit nor deny the allegations of paragraph "59" of the Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "59" of the Complaint.

60.    Deny the allegations set forth in paragraph "60" of the Complaint.

61.    Deny the allegations set forth in paragraph "61" of the Complaint.

62.    Deny the allegations set forth in paragraph "62" of the Complaint.

63.    Deny the allegations set forth in paragraph "63" of the Complaint.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS

64.    Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "63," as if said statements were repeated herein at length in response to paragraph "64" of the Complaint.

65.    Deny the allegations set forth in paragraph "65" of the Complaint.

66.    Deny the allegations set forth in paragraph "66" of the Complaint.

67.    Deny the allegations set forth in paragraph "67" of the Complaint.

**FIFTH CLAIM FOR RELIEF AGAINST MOSHE GOLD AND SAM GOLD**

**Aiding And Abetting Under New York State Human Rights Law**

68.     Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "67," as if said statements were repeated herein at length in response to paragraph "68" of the Complaint.

69.     Neither admit nor deny the allegations of paragraph "69" of the Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "69" of the Complaint.

70.     Deny the allegations set forth in paragraph "70" of the Complaint.

71.     Deny the allegations set forth in paragraph "71" of the Complaint.

**RELIEF SOUGHT**

72.     Defendants deny that Plaintiff is entitled to the relief sought in the unnumbered Paragraph, including subparts "a" – "j' following the "WHEREFORE" subheading of the Complaint.

**DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES**

By way of further answer, Defendants assert the following and other defenses. In asserting these defenses, Defendants are providing notice to Plaintiff of the defenses Defendants intend to raise, and Defendants do not assume the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim for which relief may be granted against Defendants.

18000\3552\52189261

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to assert coverage under the FLSA or NYLL that Defendants owe regular or overtime compensation, or other benefits sought, to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Defendants fulfilled any and all obligations it may have had to Plaintiff and owe no further obligations to Plaintiff. Therefore, Plaintiff is barred from maintaining this action against Defendants.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred by the doctrines of waiver, release, estoppel, unclean hands, avoidable consequences, and laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred to the extent that she did not work more than forty (40) hours in any given workweek and, therefore, is not entitled to overtime under the FLSA or NYLL.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 251, et. seq., (and any corresponding state law claim) because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor, under 29 U.S.C. § 259.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 251, et. seq., because any acts or omissions giving rise to this action were done

7

18000\3552\52189261

in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. Accordingly, the Court should exercise its discretion to eliminate and/or reduce any potential award of liquidated damages under 29 U.S.C. § 260. Plaintiff has also failed to establish an entitlement to liquidated damages under Section 198 of the NYLL.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was paid for all hours they reported working.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering under the "de minimis" doctrine.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as to all hours allegedly worked that Defendants did not suffer or permit Plaintiff to work, of which Defendants lacked actual or constructive knowledge, or which Plaintiff deliberately misreported hours by failing to report all hours worked.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, because the time spent as alleged by Plaintiff do not constitute compensable "hours worked" under the FLSA and/or NYLL.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff was compensated at all times in compliance with applicable FLSA and/or NYLL requirements.

## THIRTEENTH AFFIRMATIVE DEFENSE

In the event, any sum may be found due and owing to Plaintiff, Defendants are entitled to an offset against said sum to the extent paid, tendered, waived, compromised, and released, including but not limited to those amounts paid, tendered, waived, compromised, and released

8

18000\3552\52189261

through any other proceeding, either formal or informal, or overpayment of wages paid in some other pay period during the Plaintiff's employment.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of the activities for which Plaintiff seeks overtime compensation under the FLSA and/or NYLL were not an integral and indispensable part of the principal activities of their employment and therefore were not compensable.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants made complete and timely payments of all wages due to Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the alleged losses or harms sustained by Plaintiff, if any, resulted from the acts or omissions of Plaintiff, and/or were proximately caused by the actions or inactions of Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action for minimum wage violations because each week in which they did not work more than forty hours, Plaintiff's rate of pay for each hour actually worked exceeded the applicable minimum wage in effect at the time, even if they did not keep track of those hours.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's FLSA claims are barred, in whole or in part. Specifically, the statute of limitations under the FLSA is two years, unless the cause of action arose out of a willful violation. Plaintiff's claims were limited to two years preceding the filing of their initial complaint due to Plaintiff's failure to plausibly plead willfulness.

9

18000\3552\52189261

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing, including, without limitation, Plaintiff has not suffered any cognizable or concrete injury in fact and have not lost money or property, or have been made whole.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff was fully paid the wages due to them, and therefore there was no "underpayment" to them.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants were in compliance with all applicable FLSA and/or NYLL requirements.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff was provided with wage notice and statements required by NYLL § 195.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims pursuant to New York Labor Law § 195(3) are barred because Defendants reasonably believed in good faith that they were not required to provide such wage notice pursuant to the NYLL or because they provided the requisite information in the wage notice.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims pursuant to New York Labor Law § 195(1) are barred because Defendants reasonably believed in good faith that it was not required to provide such wage notice pursuant to the NYLL or because it provided the requisite information in wage statements.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants JLM Decorating, Inc., Cosmopolitan Interior NY Corporation, Moshe Gold, and Sam Gold were not Plaintiff's employer or joint employer at any time.

18000\3552\52189261

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants did not operate as a single enter or joint employer.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Court does not have jurisdiction over JLM Decorating, Inc. Defendant JLM Decorating, Inc. did not meet the statutory threshold for coverage and was not engaged in interstate commerce.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The complained of in the Complaint does not rise above the level of what a reasonable victim of discrimination with the same protected characteristic would consider petty slights or trivial inconveniences.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's right to recovery is limited to the extent that she has failed to mitigate, or reasonably attempt to mitigate, damages, if any, as required by law.

## THIRTIETH AFFIRMATIVE DEFENSE

All decisions made by Defendants with respect to Plaintiff and all actions taken with respect to Plaintiff's employment were made without malice, ill will, fraud, oppression or any other improper motive.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The claims in the Complaint asserted against Defendants, including claims for any emotional or physical injuries or distress incurred in the course and scope of Plaintiff's employment may be barred by the exclusive remedy provisions of the New York Worker's Compensation Law.

18000\3552\52189261

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Upon information and belief, Defendants have complied with all statutory and legal requirements with respect to Plaintiff's employment.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which costs or reasonable attorneys' fees may be awarded.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because all actions taken by Defendants with respect to Plaintiff were undertaken in good faith and for legitimate business reasons.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was treated in the same manner as other employees.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any damages attributable to any allegedly wrongful conduct by Defendants and/or any damages or injuries were caused by Plaintiff's own conduct or the conduct of third parties.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

There is no causal connection between any alleged protected status of Plaintiff and Defendants' employment action.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants do not encourage, condone, or approve of acts of discrimination, and by any acts and/or omissions did not encourage, condone, or approve of any alleged acts of discrimination.

12

18000\3552\52189261

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's subjective and conclusory allegations of discrimination are legally insufficient to establish a claim of discrimination.

### FORTIETH AFFIRMATIVE DEFENSE

Defendants exercised reasonable care to prevent and promptly correct any purportedly unlawful behavior in its workplace, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided or to otherwise avoid harm.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because Defendants at no time engaged in discriminatory practices or actions intentionally, with malice, and/or with reckless disregard to Plaintiff's or other employees' statutory rights.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has not met his prima facie case of discrimination against Defendants.

Defendants reserve the right to plead other affirmative defenses that may become known during discovery in this case.

### PRAYER FOR RELIEF

WHEREFORE, Defendants demand judgment against Plaintiff as follows:

1.    Dismissing the Complaint in its entirety with prejudice;

2.    Awarding Defendants costs; pre- and post-judgment interest; expert and attorneys' fees; and

18000\3552\52189261

14

3.      Awarding Defendants such other and further relief as this Court deems just and

proper.

Dated: New York, New York
       July 18, 2025

                      GOLDBERG SEGALLA LLP
                      *Attorneys for Defendants*

                      /s/ Charles Lazo
                      Charles Lazo, Esq.
                      Scott Green, Esq.
                      711 3rd Avenue, Suite 1900
                      New York, New York 10017
                      Phone: 646-292-8728

14